IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-01895-KLM

SISTERS OF CHARITY OF LEAVENWORTH HEALTH SYSTEM, INC.,

       Plaintiff/Counter Defendant

v.

BLUE CROSS AND BLUE SHIELD ASSOCIATION,

       Defendant/Counter Claimant

---

## STIPULATED PROTECTIVE ORDER

Plaintiff/Counter Defendant Sisters of Charity of Leavenworth Health System, Inc.

("SCL Health") and Defendant/Counter Claimant Blue Cross and Blue Shield Association

("BCBSA") (collectively "the Parties") anticipate that certain of their confidential business

records, as well as those of non-parties, may be produced in discovery in the

above-captioned action (the "Action"), including without limitation, records that contain,

embody or reflect trade secrets or non-public, confidential, proprietary, or sensitive

research, know-how, development or technical, personal, business, financial or

commercial information, branding/marketing information, information regarding

applicable actual or potential customers or consumers, or other information otherwise

covered by a legitimate right or interest of privacy, within the meaning of F.R.C.P. 26(c),

the laws of the United States, or other applicable laws (hereinafter individually and

collectively referred to as "Confidential Information") and that such Confidential

Information in these records must be protected from further disclosure.  Pursuant to

*parties consent*

*KLM*

Federal Rule of Civil Procedure 26(c), the ~~Court finds~~ good cause for entry of this Stipulated Protective Order ("Protective Order") to provide such protection according to the terms and conditions set forth below.  To expedite the flow of discovery material and the litigation of this case, facilitate the prompt resolution of disputes over confidentiality, and adequately protect material entitled to be kept confidential, it is, by agreement of the Parties, STIPULATED and ORDERED that:

**IT IS HEREBY STIPULATED BY THE PARTIES, AND ~~FOR GOOD CAUSE SHOWN,~~ IT IS HEREBY ORDERED THAT:**

*KLM*

1.      This Order shall apply to all Confidential Information that is the subject of discovery or testimony in this action.  Discovery materials and testimony as to which a disclosing Party or disclosing non-party has an interest and as to which confidentiality is asserted by such party's counsel after review of the information and on a good faith belief that it is confidential or otherwise subject to protection and not (1) to impose any unnecessary burden or delay on an opposing party, or (2) for tactical or other advantage in litigation, upon designation of the Confidential Information as CONFIDENTIAL or HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY shall be treated pursuant to the provisions of this Order.  For purposes of this Order, disclosing non-parties shall have the same rights and obligations as a disclosing Party.

(a)      **Discovery materials produced pursuant to F.R.C.P. 26 and 34.**
Documents and other discovery materials produced pursuant to F.R.C.P. 26 and 34 shall be designated as Confidential Information prior to disclosure by labeling such documents and materials in a visible manner with a CONFIDENTIAL or HIGHLY

2

CONFIDENTIAL-ATTORNEYS' EYES ONLY legend stamped or affixed thereto, or by a manner mutually agreeable to the Parties if the materials cannot be readily so labeled.  If a disclosing Party or disclosing non-party thereafter determines that it inadvertently failed to properly designate or label Confidential Information, it may do so by giving prompt and timely notice to the receiving party, who shall thereafter treat the materials pursuant to the provisions of this Order.

(b)     **Oral or written deposition taken pursuant to F.R.C.P. 30 or 31**.  Any disclosing Party or disclosing non-party may designate testimony on oral or written deposition taken pursuant to F.R.C.P. 30 or 31 as CONFIDENTIAL or HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY under the terms of this Order by:

(i)     so stating on the record during the deposition, or

(ii)    notifying the other party in writing of the portions of such testimony to be so designated within thirty (30) days of receipt of the transcript by the disclosing or designating party's counsel.

Testimony that is not designated during the deposition shall be treated as HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY until such written notification is received, or if no written notification is provided, until the expiration of the thirty (30) day period.

With regard to designations made during the deposition, the designating party shall have the right to exclude from the deposition all persons not entitled under this Order to view or receive such Confidential Information before the taking of such testimony.  If a disclosing party or non-party promptly and timely determines that it inadvertently failed to properly designate confidential testimony, it may do so by giving notice to all Parties, who

3

shall thereafter treat the materials pursuant to the provisions of this Order.  Any transcript portion that contains testimony so designated shall be labeled in a visible manner with the CONFIDENTIAL or HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY legend, and if requested by the designating party, shall be bound in a separate, sealed volume by the court reporter.

(c)    **Responses to interrogatories under F.R.C.P. 33**.  Responses to interrogatories under F.R.C.P. 33 shall be designated as Confidential Information prior to disclosure by labeling such documents and materials in a visible manner with a CONFIDENTIAL or HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY legend stamped or affixed thereto, or by a manner mutually agreeable to the Parties if the materials cannot be readily so labeled.  If a disclosing Party or disclosing non-party thereafter determines that it inadvertently failed to properly designate or label an interrogatory response under F.R.C.P. 33 CONFIDENTIAL or HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY, it may do so by giving prompt and timely notice to all Parties, who shall thereafter treat the materials pursuant to the provisions of this Order.

2.    Each Party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  To the extent it is practical to do so, the designating party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify–so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept

unjustifiably within the ambit of this Order. Mass, indiscriminate, or routinized designations are prohibited.

3.      A disclosing Party or disclosing non-party may produce materials in redacted form, redacting only information that is subject to a claim of attorney-client privilege, work product immunity, or is otherwise protected from disclosure, and shall make the notation "REDACTED," or other similar notation, on each redacted portion of the document. Where a party receiving redacted materials has good cause to believe that the redacted information is subject to disclosure, the parties shall attempt to resolve any dispute without intervention by the Court. Should the parties be unable to resolve their dispute regarding redacted information, the party objecting to the redaction shall have the burden in any motion, hearing, or other proceeding before the Court to show why the redaction is improper.

4.      Access to all materials designated with the CONFIDENTIAL or HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY legend shall be restricted as set forth below.

(a)      **Access to CONFIDENTIAL materials**. Access to all materials designated with the CONFIDENTIAL legend, and disclosure of the information contained in such materials, shall be restricted solely to:

(i)      attorneys and agents in outside law firms who are formally representing any party as outside counsel of record in this action (and their necessary support staff).

5

(ii)     officers, directors, and employees of the receiving Party to whom

disclosure is reasonably necessary for this litigation;

(iii)    outside vendors for a party or their outside counsel of record who

perform photocopying or other clerical functions and agree in writing to use any

material designated under this Order only to perform services for the party that has

retained it in this litigation, not to disclose any such material to any third parties,

and to immediately return all originals and copies of any confidential material upon

completion of the service;

(iv)    independent outside experts (and their necessary support staff)

retained specifically for this action as consulting or testifying experts to whom

disclosure is reasonably necessary for this litigation, provided that they sign the

authorization attached as Exhibit A, certifying their agreement to abide by the

terms of this Order with respect to any materials designated CONFIDENTIAL or

HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY (which shall be retained by

counsel);

(v)     the Court and its personnel, and court reporters;

(b)     **Access to HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY**

**Materials**. Confidential Information may be designated with the HIGHLY

CONFIDENTIAL-ATTORNEYS' EYES ONLY legend if the disclosing party believes in

good faith that the information should not be disclosed to the receiving Party within the

provision of paragraph 4(a)(ii) because disclosure of such could have a significant

adverse impact on the disclosing party's business, financial condition, or ability to

compete. While one of these legends includes the terms ATTORNEYS' EYES ONLY, it is a broader term than simply for attorneys' eyes only, as expressly described in this section. Access to all materials designated with the HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY legend, and disclosure of the information contained in such materials, shall be restricted solely to:

(i)     attorneys and agents in outside law firms who are formally representing any party as outside counsel of record in this action (and their necessary support staff);

(ii)     outside vendors for a party or their outside counsel of record who perform photocopying or other clerical functions and agree in writing to use any material designated under this Order only to perform services for the party that has retained it in this litigation, not to disclose any such material to any third parties, and to immediately return all originals and copies of any confidential material upon completion of the service;

(iii)     independent outside experts (and their necessary support staff) retained specifically for this action as consulting or testifying experts to whom disclosure is reasonably necessary for this litigation, provided that they sign the authorization attached as Exhibit A, certifying their agreement to abide by the terms of this Order with respect to any materials designated CONFIDENTIAL or HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY (which shall be retained by counsel), and as to whom the procedures set forth in Section 5, below, have been followed;

(iv)    the Court and its personnel, and court reporters.

(c)    Any information designated with the CONFIDENTIAL legend (including extracts and summaries derived from such material) shall not be revealed to anyone other than those encompassed by paragraph 4(a)(i)-(v) above, and any information designated with the HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY legend (including extracts and summaries derived from such material) shall not be revealed to anyone other than those encompassed by paragraph 4(a)(i)-(v) or 4(b)(i)-(iv) above (as may be applicable) unless:

(i)    the disclosure is to an author or an addressee or recipient on the face of a document being disclosed who is not otherwise shown prior to such disclosure to have failed to author or receive the document;

(ii)    the disclosure is to a person who received or saw the information, or who can otherwise be shown to have known or possessed the information, prior to the disclosure;

(iii)    the disclosing party assents in advance in writing to such disclosure; or

(iv)    the Court otherwise directs.

Any receiving party, by receiving Confidential Information, must be provided a copy of this Order, agrees to be bound by such, and agrees to be subject to the jurisdiction of the Court for purposes of enforcement of this Order.

5.    This Order does not relieve any Party or non-party from compliance with the Federal Rules of Civil Procedure, the Local Rules of Practice of the United States District

Court for the District of Colorado (the "Local Rules"), or standing orders of this Court with respect to discovery disputes.

(a)   **Modification of Order**.  In the event that a party shall desire to provide access to Confidential Information hereunder to any person or category or persons not included in paragraph 4 hereof, or prohibit access to Confidential Information by the same, and if another party objects thereto, the party wishing to provide or prohibit such disclosure may, consistent with the other terms and provisions of this Order, seek from the Court under the rules and procedures set forth by the Court an order modifying the Order to provide or restrict access to the Confidential Information.  The moving party shall have the burden of demonstrating good cause for modification of the Order.

(b)   **Challenging of Designation**

(i)   Timing of Challenges.  Any receiving Party may challenge a designation of confidentiality at any time.  Unless a prompt challenge to a designating party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

(ii)   Meet and Confer.  The challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge.  To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to

confidentiality is being made in accordance with this specific paragraph of the

Protective Order.  The parties shall attempt to resolve each challenge in good faith

and must begin the process by conferring directly (in voice to voice dialogue; other

forms of communication are not sufficient) within 10 business days of the date of

service of notice.  In conferring, the challenging Party must explain the basis for its

belief that the confidentiality designation was not proper and must give the

designating party an opportunity to review the designated material, to reconsider

the circumstances, and, if no change in designation is offered, to explain the basis

for the chosen designation.  A challenging Party may proceed to the next stage of

the challenge process only if it has engaged in this meet and confer process first or

establishes that the designating party is unwilling to participate in the meet and

confer process in a timely manner.

    (iii)   <u>Judicial Intervention</u>.  If the parties cannot resolve a challenge

without court intervention, the designating party shall file and serve [*make*] an appropriate

motion to retain confidentiality [*pursuant to MJ Mix's discovery procedures*] within 21 days of the initial notice of challenge or

within 14 days of the parties agreeing that the meet and confer process will not

resolve their dispute, whichever is earlier.  Each such motion must be

accompanied by a competent declaration affirming that the movant has complied [*The moving party shall make*]

with the meet and confer requirements imposed in the preceding paragraph.

The burden of showing good cause for the designation in any such challenge shall

be on the designating party.  The Parties shall continue to afford the material in question

the level of protection to which it is entitled under the designation until the Court rules on the challenge.

6.      All Confidential Information obtained by one Party from the other Party or non-party in the course of this lawsuit and subject to this Order shall be used by the receiving Party solely for the preparation and trial of this lawsuit, and for no other purpose.

7.      Confidential Information identified in accordance with this Order shall not be filed with the Court or included, in whole or in part, in pleadings, motions or briefs unless accompanied by a request to restrict access in compliance with the requirements of D.C.COLO.LCivR 7.2.

8.      Within sixty (60) days of settlement or final termination of this action, including all appeals, unless otherwise agreed to in writing by an attorney of record for the designating party, the attorneys for each Party, upon request, shall assemble and destroy or return to the disclosing party all documents and things containing Confidential Information produced by that party, and shall instruct each of its respective consulting or testifying experts to assemble and destroy all documents and things containing Confidential Information produced, and shall destroy all copies thereof made subsequent to production which are in their possession, custody or control, except that outside counsel of record shall be entitled to retain one (1) copy of all litigation documents, including exhibits, transcripts of testimony, court filings, and their own correspondence and memoranda containing Confidential Information, but such documents shall be used only for the purpose of preserving a file on the action, and shall not, without the written permission of the disclosing party, or an order of this Court or another court of competent

jurisdiction, be disclosed to anyone other than those to whom such information was actually disclosed, in accordance with the terms and conditions of this Order, during the course of this action.

9.     This Order shall remain in full force and effect unless modified or terminated by the Court and shall survive and remain in full force and effect after the termination of this action.  Termination of this action shall not relieve any person from the obligations of this Order, unless the Court orders otherwise.

10.     This Order shall not preclude another court or tribunal from finding that information designated as Confidential Information in this case may be subject to disclosure in that case, notwithstanding the existence of this Order or its provisions.  Any person or party subject to this Order who is subject to a subpoena or motion to disclose another party's information designated as Confidential Information pursuant to this Order, shall promptly notify that party of the subpoena or motion so that it may have a full and adequate opportunity to appear and be heard on whether that information should be disclosed.

11.     If a receiving party learns that, by inadvertence or otherwise, it has disclosed confidential material to any person or in any circumstance not authorized under this agreement, the receiving party must immediately (a) notify in writing the designating party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the protected material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this agreement, and (d) request that such person or persons execute the authorization that is attached as Exhibit A.

THE COURT, having reviewed the Stipulated Protective Order and being fully advised in the premises ~~and good cause shown therefor~~, HEREBY ORDERS that the Stipulated Protective Order shall be and hereby is GRANTED.


Dated: _3/16/16_      _____
             United States Magistrate Judge

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Respectfully submitted this 11th day of March, 2016.


s/ Kathryn A. Reilly
Kathryn A. Reilly
Wheeler Trigg O'Donnell LLP
370 Seventeenth Street, Suite 4500
Denver, CO 80202-5647
Telephone:  303.244.1800
Facsimile:  303.244.1879
Email:  Reilly@wtotrial.com

James Hastings
Joshua Paul
Collen IP
The Holyoke-Manhattan Building
80 South Highland Avenue
Ossining, NY 10562
Telephone:  914.941.5668
Facsimile:  914.941.6091
Email:  JHastings@collenip.com
        JPaul@collenip.com

Attorneys for Plaintiff/Counter
Defendant

s/ Keyonn L. Pope
James T. Hultquist
John A. Cullis
Keyonn L. Pope
Reed Smith LLP
10 South Wacker Drive, Suite 4000
Chicago, IL 60606
Telephone: 312.207.1000
Facsimile: 312.207.6400
Email: jhultquist@reedsmith.com
       jcullis@reedsmith.com
       kpope@reedsmith.com

Ian L. Saffer
Swanson & Bratschun, LLC
8210 Southpark Terrace
Littleton, CO 80120
Telephone:  303.268.0066
Facsimile:  303.268.0065
Email:  ISaffer@sbiplaw.com

Garner K. Weng
Janie L. Thompson
Hanson Bridgett LLP
425 Market Street, 26th Floor
San Francisco, CA 94105
Telephone:  415.995.5081
Facsimile:  415.995.3522
Email:  GWeng@handonbridgett.com
        JThompson@hansonbridgett.com

Attorneys for Defendant/Counter Claimant

## EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____[print or type full address], declare

under penalty of perjury that I have read in its entirety and understand the Stipulated

Protective Order that was issued by the United States District Court for the District of

Colorado on _____ [date] in the case of *Sisters of Charity of Leavenworth Health

System, Inc. v. Blue Cross and Blue Shield Association*, Civil Action No.

15-cv-01895-KLM. I agree to comply with and to be bound by all the terms of this

Stipulated Protective Order, including the required destruction or return of all documents

and things containing Confidential Information provided to me (as set forth in paragraph 9

of the Stipulated Protective Order). I understand and acknowledge that failure to so

comply with all the terms of the Stipulated Protective Order could expose me to sanctions

and punishment in the nature of contempt. I solemnly promise that I will not disclose in

any manner any information or item that is subject to this Stipulated Protective Order to

any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the

District of Colorado for the purpose of enforcing the terms of this Stipulated Protective

Order, even if such enforcement proceedings occur after termination of this action.

Date:_____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____